**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Wilcox, | No. CV 04-0926 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Metropolitan Life Insurance Company; Wells Fargo & Company; Wells Fargo Disability Plan; Long Term Disability Plans 1-10; Wells Fargo & Company, as Plan Trustee and Administrator; and Trustees and Plan Administrators 1-10, | |
| Defendants. | |

This case has been remanded by the Ninth Circuit. The Court's task is to determine what discovery, if any, should be permitted, and then to revisit the merits of the case under the standards established by the Ninth Circuit in *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).

Before *Abatie* was decided, this Court entered an order denying Plaintiff's request for discovery. Dkt. #29. The Court's decision was based on the goal of ERISA to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Dkt. #29 at 3. The Court then granted summary judgment in favor of Defendant after considering arguments from the administrative record and such other evidence as Plaintiff chose to present. Dkt. #53. The Court concluded that Plaintiff had not made a sufficient showing of a conflict of interest to warrant *de novo* review under the then-

1 existing standard established in *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317 (9th Cir. 1995). Applying an abuse of discretion analysis, the Court found that Plaintiff had not presented sufficient evidence to show that Defendant had abused its discretion in denying benefits. Dkt. #53 at 8-12.

Following the Court's decision, the Ninth Circuit issued the *Abatie* opinion and the Supreme Court handed down *Metropolitan Life Insurance Co. v. Glenn*, 128 S.Ct. 2343 (2008). When the Ninth Circuit reviewed the Court's decision in this case, it concluded that *Glenn* and *Abatie* required a more complex abuse-of-discretion analysis than the Court had undertaken applying the *Atwood* standard. *Wilcox v. Wells Fargo & Co. Long Term Disability Plan*, 287 Fed. Appx. 602 (9th Cir. 2008). The Ninth Circuit specifically noted that the Court must weigh the conflict of interest created by Defendant's dual role as claims administrator and claims payor, and directed the Court to reconsider Plaintiff's request for discovery. *Id.*

After *Glenn* and *Abatie*, district courts have discretion to consider extrinsic evidence in evaluating the weight and effect of a conflict of interest. For example, as the Ninth Circuit made clear in this case, where there is evidence that a plan administrator has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of the evidence in the record, Courts may weigh a conflict more heavily. *Wilcox*, 287 Fed. Appx. at 603. A conflict may be weighed more heavily where an administrator has a history of biased claims administration, and less heavily where the administrator has taken actions to reduce potential bias and promote accuracy, such as walling off claims administrators from those interested in firm finances. *Id.* The Ninth Circuit specifically instructed this Court, on remand, "to consider the conflict of interest as a factor whose weight depends on the 'nature, extent, and effect' of the conflict on the decision-making process, which may be unmasked through discovery." *Id*.

In light of this ruling, the Court instructed the parties to confer about the appropriate scope of discovery. When the parties could not agree, the Court instructed them to file memoranda setting forth their respective views of the discovery that should be undertaken

in light of the Ninth Circuit's ruling. The Court has now reviewed those memoranda. *See* Dkt. ##81, 82.

Plaintiff seeks extensive discovery. She seeks to determine whether there is a history of biased claims administration or whether the administrator took active steps to reduce bias and promote accuracy. She seeks information about the training and compensation of those involved in handling her claim, including employees and outside consultants. She seeks to discover any economic incentives for employees or consultants to recommend denials or termination of benefits. She seeks to determine the approval and termination rates for long-term disability claims generally, and for Defendant's treatment of fibromyalgia claims. She seeks to discover any reserves Defendant has set for this claim, as well as any claim manuals, guidelines, memoranda, and letters authored or relied on by Defendant or its employees in determining this claim. Plaintiff seeks any documents distributed by Defendant to employees or consultants concerning the financial benefits of approving or denying ERISA claims. She also seeks to conduct discovery concerning inconsistencies in the claim determination process for this claim, whether Defendant's employees followed procedures in handling the claim, whether Defendant obtained legal advice in the handling of the claim and, if so, on what issues, and whether those involved in the claim process were provided appropriate records upon which a decision could be made, or whether Defendant selectively parceled out records material to her disability status. Dkt. #81. Plaintiff makes no attempt to explain why any of this proposed discovery is likely to bear fruit.

Defendant takes an equally extreme position, arguing that the Court should permit no discovery. Defendant asserts that the administrative record reflects all of the factors Defendant considered in making its claim determination. Defendant does not address the Ninth Circuit's clear indication that evidence concerning the nature and effect of the structural conflict in this case may be relevant and may be unmasked through discovery.

The Court finds this to be a challenging issue. On one hand, a primary goal of ERISA is to provide a means for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement*

*Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir.1993); 1974 *U.S. Code Cong. & Admin. News* 4639, 5000. Extensive discovery conflicts with that purpose. On the other hand, the Court cannot fully evaluate the nature and effect of a structural conflict without considering some evidence regarding the conflict – evidence not likely to be found in the administrative record. The issue becomes even more challenging when one attempts to draw lines between permissible and impermissible discovery. Some of the potentially relevant factors identified in *Glenn* and *Abatie*, such as the defendant's "history of biased claims administration," *Glenn*, 128 S.Ct. at 2351, or "evidence of malice," "self-dealing," or a practice of "den[ying] benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record," *Abatie*, 458 F.3d at 968, could lead to extensive discovery into historical practices and internal operations. One could see a plaintiff inquiring into hundreds of past cases in an effort to unearth evidence of such systematic bias – an inquiry that clearly would be contrary to ERISA's goal of efficiency and expedition and the general rule that abuse-of-discretion inquiries are record-based. And yet, other than confirming the district court's discretion, *Glenn* and *Abatie* provide no guidance as to when or how discovery may be limited. Other recent Ninth Circuit cases are equally vague, stating only that "[w]hether to permit discovery into the nature, extent, and effect of the Plan's structural conflict of interest is . . . a matter within the district court's discretion." *Burke v. Pitney Bowes Long-Term Disability Plan*, 544 F.3d 1016, 1028 n. 15 (9th Cir. 2008). Perhaps not surprisingly, district court cases after *Glenn* and *Abatie* have reached a wide variety of conclusions. *See Winterbauer v. Life Ins. Co. of North America*, 2008 WL 4643942 at *4-5 (E.D. Mo., Oct. 20, 2008) (collecting cases).

Exercising its discretion, and in an effort to accommodate Plaintiff's need for discovery while serving ERISA's purpose of efficiency and expedition, the Court concludes that discovery in this case will be limited in three respects: (a) to those subjects most likely to reveal the effect of the conflict, (b) to a limited number of written discovery requests and depositions, and (c) to a relatively short period of time.

Plaintiff may conduct discovery into the following areas: (1) whether any of the employees or consultants involved in deciding Plaintiff's claim had a financial incentive to deny the claim; (2) Defendant's general approval and termination rates for long-term disability claims, and, separately, for long-term disability claims involving fibromyalgia; (3) steps Defendant has taken to reduce bias and promote accuracy, such as walling off claims administrators from those interested in firm finances; and (4) any factors or evidence considered by Defendant in denying Plaintiff's claim that are not contained in the administrative record. Defendant shall also produce to Plaintiff any evidence outside the administrative record that Defendant intends to use in showing that the structural conflict did not affect its decision in this case.

The Court will not permit the more generalized discovery proposed by Plaintiff, such as inquiry into the training or experience level of Defendant's employees, the reserves established for this claim, advice of counsel with respect to this claim, or claims manuals, guidelines, memoranda, and letters. Plaintiff has provided no basis for concluding that these subjects have anything more than a theoretical connection to the effect of the structural conflict in this case. The Court also concludes that discovery is not necessary for Plaintiff to address inconsistencies in the determination of this claim. Those inconsistencies are apparent from the administrative record and were argued at length in the previous summary judgment briefing.

Plaintiff may serve one set of interrogatories, not to exceed 20 questions, including subparts. Plaintiff may serve one set of document production requests, not to exceed 10 requests, including subparts. Plaintiff may serve one set of requests for admissions, not to exceed 10 requests. Plaintiff may take three depositions.

Fact discovery shall be completed on or before **April 3, 2009**. On **April 17, 2009**, the parties shall file 12-page memoranda supplementing their original summary judgment briefing. The parties need not restate arguments made in their original briefing. On or before **April 24, 2009**, the parties shall file 8-page response memoranda, again supplementing their original summary judgment briefing. This supplemental briefing shall particularly address

the weight to be accorded Defendant's structural conflict of interest under *Glenn* and *Abatie*. Once the Court has received this additional briefing, the Court will revisit its summary judgment ruling consistent with the Ninth Circuit's directive.

DATED this 8th day of January, 2009.

David G. Campbell
United States District Judge