**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Wilcox, ) | No. CV 04-0926 PHX-DGC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Metropolitan Life Insurance Company; ) et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed a Motion for Reconsideration. Dkt. #98. The motion seeks reconsideration of the Court's recent order regarding her discovery requests. *See* Dkt. #97. The Court will deny the motion.

Plaintiff complains that this case has been delayed through no fault of her own. She asserts, for example, that the Court took more than one and one-half years to rule on her motion for summary judgment. This is not correct. The Court ruled on the parties' summary judgment motions less than five months after Plaintiff filed her reply memorandum. *See* Dkt. ##52, 53. Moreover, the parties have submitted several requests for extensions of time in this case (*e.g.*, Dkt. ##34, 49, 88) while the Court repeatedly has urged the parties to complete discovery and motion practice expeditiously (*e.g.*, Dkt. ##38, 78, 79, 89, 97).

The Court entered an order on January 8, 2009, that permitted limited discovery and set a discovery deadline of April 3, 2009. Dkt. #85. Rather than serving discovery requests immediately, Plaintiff waited until February 26, 2009, to serve her written discovery. When Defendant had not served responses by the Court's deadline, Plaintiff stipulated with

1 Defendant to extend the discovery period another 90 days. Dkt. #88. The Court agreed to
2 the stipulation and extended the discovery period to June 20, 2009, but specifically advised
3 the parties that it would not grant additional extensions. Dkt. #89. It was not until May 7,
4 2009 – some five months after the Court's original discovery order and just over one month
5 short of the extended discovery cut-off date – that Plaintiff sought the Court's assistance in
6 obtaining responses to her discovery requests. The Court ruled less than two weeks later,
7 specifying the requests to which Defendants must provide responses and, in light of
8 Defendant's delayed responses, allotting an additional five weeks for Plaintiff to complete
9 discovery. *See* Dkt. #97.

10 Plaintiff complains that the Court's ruling "strikes" a number of her discovery
11 requests and otherwise grants relief not timely requested by Defendant. But, consistent with
12 ERISA, the Court imposed specific limitations on the discovery in this case. Dkt. #85. A
13 number of Plaintiff's discovery requests exceeded those limitations, and the Court declined
14 to enforce them. Some of Plaintiff's other requests were clearly overbroad. Plaintiff
15 complains that the Court did not allot her time to narrow the requests and seek additional
16 responses, but the Court has already afforded significantly more time than it initially intended
17 for the limited discovery in this case. As noted above, Plaintiff did not seek assistance in
18 obtaining discovery until some five months after the Court's order establishing a limited
19 discovery schedule. Given this delay, the Court will not grant additional time for Plaintiff
20 to re-draft and re-serve her discovery requests. Had Plaintiff acted promptly after the Court's
21 January 8, 2009 order, she could have obtained assistance during the original discovery
22 period, not to mention the extended discovery period.

23 Plaintiff asserts that the delay was due to her patience in awaiting Defendant's late
24 responses to her requests and her efforts to avoid a discovery dispute and the need for court
25 intervention. The Court surely favors efforts to avoid discovery disputes, but when the Court
26 enters an order establishing a limited, three-month period for discovery, it is incumbent on
27 a party seeking discovery to move quickly enough to obtain the necessary discovery using
28 the Rules of Civil Procedure and the Court's assistance if necessary. Plaintiff waited for

1 more than half of the three-month period before even serving discovery, and then waited
2 almost two and one-half additional months before seeking the Court's assistance. Plaintiff
3 has not satisfied the "good cause" standard for seeking an extension of the discovery period
4 in this case (*see* Fed. R. Civ. P. 16(b)), a standard that primarily considers the diligence of
5 the party seeking the amendment. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609
6 (9th Cir. 1992). The Court concludes that Plaintiff could have obtained discovery through
7 the exercise of reasonable diligence, and that extending the schedule at this late date to allow
8 further discovery requests is not warranted.[1]

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #98) is **denied**.

DATED this 2nd day of June, 2009.

_____
David G. Campbell
United States District Judge

---

[1] The Court also notes that a number of Plaintiff's arguments take issue with the breadth of discovery allowed by the Court in this case. Those issues should have been raised in response to the Court's January 8, 2009 order limiting discovery, not near the end of a twice-extended discovery period.

- 3 -